IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**BRIAN D. BRAID,**

  **Plaintiff,**

vs.            No. CIV 04-1125 JH/LCS

**CITY OF ALBUQUERQUE POLICE
DEPARTMENT,**

  **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss (Doc. 11), filed December 14, 2004. Plaintiff has not responded to this Motion. The failure of a party to file or serve a response within the time allowed constitutes consent to grant the motion. *See* D.N.M.L.R. 7.1(b). I have, nonetheless, reviewed Defendant's Motion on its merits. Having reviewed the Motion and considered the submissions of the parties, the record herein, relevant authorities, and being otherwise fully advised, I find that this Motion is well-taken and should be **GRANTED**.

  **I.**  **Procedural Background**

Plaintiff, a *pro se* litigant proceeding *in forma pauperis*, filed a Civil Rights Complaint in this Court for false arrest and false imprisonment, alleging that Defendant City of Albuquerque Police Department falsely arrested him by acting on an improperly issued arrest warrant. (Doc. 1). The Complaint seeks compensatory and punitive damages pursuant to 42 U.S.C. § 1983 and further seeks to have Plaintiff's criminal record expunged. (Id.)

Plaintiff alleges that he was pulled over in Colorado during a traffic stop, at which time the

police discovered three outstanding arrest warrants for Plaintiff.  (Id.)  These warrants had allegedly been issued in the name of "Richard Jones", which the police claimed was an alias used by Plaintiff.  (Id.)  Following his arrest in Colorado, Plaintiff was extradited to New Mexico.  (Id.)

## II.     Standard

This Court liberally construes *pro se* litigants' pleadings and holds them to a less stringent standard than is required of those prepared by a lawyer.  *See Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989).  However, this court may not assume the role of advocate for the *pro se* litigant, and need not accept as true unsupported conclusory allegations.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In ruling on a motion to dismiss, the court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party.  *Sutton v. Utah Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).  In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted.  *Ordinance 59 Ass'n v. United States Dep't of Interior Sec'y*. 163 F.3d 1150, 1152 (10th Cir. 1998).  In the event the Motion to Dismiss presents matters outside the pleading and these matters are not excluded by the court, the motion to dismiss shall be treated as a motion for summary judgment and shall be disposed of as provided in Rule 56.  FED. R. CIV. P. 12(b)(6).

## III.    Analysis

Defendant wishes this Court to dismiss Mr. Braid's petition for failure to state a claim

under § 1983 upon which relief may be granted. Specifically, Defendant argues that the Albuquerque Police Department ("APD") is not a separate suable entity because it is an administrative department of the City of Albuquerque. In view of Plaintiff's *pro se* status, the Court will not construe Plaintiff's pleadings as strictly as it would construe the pleadings prepared by an attorney. *Hanies v. Kerner*, 404 U.S. 519, *reh'g denied* 404 U.S. 948 (1972).

Tenth Circuit precedent dictates that a municipal police department is not a separate suable entity apart from the city, but is merely the vehicle through which the city fulfills its security functions. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) ("'The City of Denver Police Department' is not a separate suable entity, and the Complaint will be dismissed as to it."). *modified on other grounds*, 778 F.2d 553 (10th Cir. 1985); *remanded on other grounds*, 475 U.S. 1138, 106 S.Ct. 1787 (1986); *vacated on other grounds*, 800 F.2d 230 (10th Cir. 1986). Although the *Martinez* opinion was vacated, the Tenth Circuit, as well as other circuits, have continued to rely on *Martinez* to support its decisions. *See e.g., Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1490 (10th Cir. 1991); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)("Sheriff's departments and police departments are not usually considered legal entities subject to suit."). The *Martinez* opinion therefore remains persuasive, if not binding, precedent.

The Tenth Circuit has further indicated, in a non-precedential opinion, that APD is not a suable entity because it lacks a legal identity apart from the municipality. *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381 (table, 1992 WL 51481 (10th Cir. March 12, 1992)). The *Ketchum* decision is consistent with decisions reached in New Mexico District Courts, which have concluded that APD is not a suable entity. *See e.g., Phillips v. City of Albuquerque, et al.*, No. CIV 97-1324 JP/LFG, slip op. at 3-4 (D.N.M., filed June 11, 1998); *Harper v. City of*

*Albuquerque, et al.*, No. CIV 96-1048 BB/WWD, slip op. at 18 (D.N.M. filed September 18, 1996).  Given Tenth Circuit precedent indicating that a municipal police department is not a suable entity, I find that Plaintiff's claims against the City of Albuquerque Police Department are improper and Defendant's Motion to Dismiss is hereby **GRANTED** and this cause is **DISMISSED.**

                                                                                                                           _____

**THE HONORABLE JUDITH C. HERRERA**
**UNITED STATES DISTRICT JUDGE**